UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

Jeffery Neil Brantley,   Case No. 2:16-cv-354-PAM-MRM

Petitioner,

v.   **MEMORANDUM AND ORDER**

Florida Attorney General
and Secretary, DOC,

Respondents.

This matter is before the Court on a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. For the following reasons, the Petition is denied.

## BACKGROUND

Petitioner Jeffery Brantley is currently serving a 30-year state prison sentence for sex crimes involving a minor. Because the facts underlying his crimes are relevant to the claims he raises here, the Court will briefly recount those facts.

Petitioner first encountered his minor victim in an internet chat room when Petitioner was 33 and victim was 14. In January 2002, after more than two years of phone and email conversations, the two began a physical relationship. Petitioner was 36 and the victim was 16. The two initially met at a hotel in Hollywood, Florida, and then traveled together to a hotel in Naples. The victim's mother contacted the United States Secret Service on January 6, 2002, reporting that the victim was missing and may have been abducted. Special Agent Timothy Devine investigated and retrieved emails from Petitioner to the victim. On January 7, 2002, Agent Devine subpoenaed Petitioner's

internet service provider for Petitioner's name and credit-card account number. Agent Devine then contacted the credit-card company, which provided information regarding the card's recent use at the Naples hotel. Agent Devine notified the Naples police, who found Petitioner and the victim at the hotel and arrested Petitioner.

Among the items found in the hotel room at the time of Petitioner's arrest were a camcorder, tripod, and three miniature video cassettes, which had been damaged by pulling out the videotape. Pieces of videotape were found in the toilet but not retrieved. The small amount of tape remaining on the damaged cassettes was edited into a single tape submitted as evidence.

On October 23, 2003, a jury found Petitioner guilty of four counts of unlawful sexual activity, one count of Promoting a Sexual Performance by a Child, and one count of Tampering with or Fabricating Physical Evidence. The trial court sentenced Petitioner to 30 years' imprisonment followed by 35 years of probation. Petitioner appealed, and his conviction was affirmed per curiam. Brantley v. State, 959 So. 2d 1194 (Fla. Dist. Ct. App 2007) (Table). The United States Supreme Court denied a petition for writ of certiorari on November 26, 2017. Brantley v. Fla., 552 U.S. 1046 (2007).

Petitioner filed a Florida Rule 3.800(a) Motion to Correct Illegal Sentencing Error on January 16, 2008. The trial court denied the claim and the Florida District Court of Appeal affirmed the denial. Brantley v. State, 32 So. 3d 89 (Fla. Dist. Ct. App. 2009). The Florida Supreme Court denied a petition for review. Brantley v. State, 23 So. 3d 711 (Fla. 2009) (Table).

Petitioner then pursued a state petition for writ of habeas corpus alleging ineffective assistance of appellate counsel. The Court of Appeal denied that petition on July 22, 2009. Brantley v. State, 18 So. 3d 1043 (Fla. Dist. Ct. App. 2009) (Table).

Petitioner filed a Florida Rule 3.850 motion for postconviction relief on October 29, 2008, amending the motion on February 2, 2009, and again on October 30, 2009. The trial court held an evidentiary hearing on December 10, 2012, and denied the Rule 3.850 motion on February 8, 2013. The District Court of Appeal affirmed per curiam on March 6, 2015. Brantley v. State, 177 So. 3d 613 (Fla. Dist. Ct. App. 2015).

Petitioner filed the instant Petition under 28 U.S.C. § 2254 on May 3, 2016. Petitioner's claims for relief include an inadequate trial record on appeal, a vindictive sentence, a warrantless search, an unreasonable conclusion of exigent circumstances, and ineffective assistance of counsel.

**DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 et seq., a federal court's "review is greatly circumscribed and is highly deferential to the state courts." Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002). Indeed, AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002) (citation omitted). 28 U.S.C. § 2254, which applies to persons in custody pursuant to a state-court judgment, provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

### A. Petitioner's Claims For Relief

#### 1. Inadequate trial record

Petitioner argues that the trial court's reconstruction of incomplete hearing records was inadequate, thereby denying his right to due process and public trial in violation of the United States Constitution. On April 15, 2005, the Florida District Court of Appeal ordered the trial court to reconstruct portions of the record. On August 23, 2005 the trial court reviewed and discussed indiscernible and unreported portions of the trial transcript with both parties and later issued an order reconstructing the record. (App'x (Docket No. 17) Ex. 2.)

By arguing that the reconstruction of the trial record is inadequate, Petitioner appears to be exercising his right under § 2254(f) to challenge the sufficiency of the evidence adduced in the hearing to reconstruct the record. Because Petitioner and the State both produced all pertinent evidence in their possession during the hearing to reconstruct the record, and because Petitioner offers nothing additional that is relevant to determination of the sufficiency of the evidence considered, this Court gives full weight

to the trial court's factual determination reconstructing the record. 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct" and a petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.")

The state court provided Petitioner with a complete re-transcription of the trial record and a hearing to review and discuss indiscernible or unreported portions of the trial transcript. Petitioner also appealed the reconstruction issue. He has not demonstrated that more process is required, that the trial record remains inadequate, or that the state courts otherwise violated his rights under the Fifth or Fourteenth Amendments.

Finally, Petitioner provides no evidence suggesting any of his hearings were not open to the public in violation of the Sixth Amendment's guarantee of public trial.

### 2. Vindictive sentence

Petitioner claims that the trial court judge was biased and vindictively sentenced Petitioner to a prison term that was longer than what was discussed as part of a plea agreement before the trial began.

Florida courts examine the totality of the circumstances to determine whether there is a "reasonable likelihood" that a sentence is vindictive or biased. Banner v. Secretary, Fla Dept of Corr. 659 F. App'x 1005, 1011 (11th Cir. 2016) (citing Wilson v. State, 845 So. 2d 142, 156 (Fla. 2003)).

> The factors considered include whether the trial judge initiated the plea discussion with the defendant; whether the judge urged the defendant to plead guilty or suggested his sentence "would hinge on future procedural

5

choices, such as exercising the right to trial"; "the disparity between the plea offer and the ultimate sentence imposed"; and "the lack of any facts . . . [to] explain the reason for the increased sentence other than that the defendant exercised his . . . right to a trial."

Id.

The record does not reflect that the trial court initiated plea discussions. Nor is there any evidence that the trial court departed from its role as impartial arbiter. The trial court did not urge Petitioner to accept the plea, nor suggest that the sentence imposed would hinge on procedural choices. There was a disparity between the plea offer and sentence ultimately imposed, but the trial court explained the reasons for the sentence in detail.

Petitioner is confusing vindictiveness and leniency. A guilty plea may justify leniency, and a prosecutor may recommend a lenient sentence as part of the plea bargaining process. Alabama v. Smith, 490 U.S. 794, 802 (1989). A normal sentence that may result if defendant insists on his right to stand trial and is found guilty will only be an "increased" sentence in appearance, in that it is comparatively greater than any proposed lenient sentence.

Petitioner has provided no evidence showing that the trial court imposed an unreasonable or abnormal sentence. Under the totality of circumstances, Petitioner's sentence was not vindictive, and this claim fails.

### 3. Warrantless search of purchase information

Petitioner argues that Special Agent Devine of the United States Secret Service improperly invoked the Patriot Act to request that American Express provide Petitioner's

credit card purchase information without a warrant or subpoena. Petitioner contends that the request was an unconstitutional search and all evidence adduced as a result should have been suppressed.

Where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. Stone v. Powell, 428 U.S. 465, 494 (1976). A trial court's failure to make explicit findings on matters essential to a Fourth Amendment issue, combined with the fact that the state appellate court issued only a summary affirmance, precludes a conclusion that the state provided the meaningful appellate review necessary to create a Stone bar. Tukes v. Dugger, 911 F.2d 508, 514 (11th Cir. 1990). Here, the trial court declined to consider Petitioner's Patriot Act claim, and the appellate court issued only a summary affirmance of the case.

Agent Devine testified that on January 7, 2002, he contacted American Express security representatives and used the Patriot Act to request the immediate release of information related to Petitioner's credit card account. (App'x Ex. 8 at 715.) Agent Devine's report confirms he advised American Express representatives that the case "met the requirements of 18 USC 2703/'Patriot Act.'" (App'x Ex. 8 at 1866.) American Express informed Agent Devine that Petitioner's account had been used to pay for a hotel room earlier that same day. (Id.) Agent Devine gave this information to the Naples Police Department who dispatched units to the hotel where Petitioner and the victim were found and Petitioner was arrested. (Id.) A subpoena was not issued to American Express

7

until January 10, 2002, for Petitioner's customer information or usage records. (Id. at 1867.)

Petitioner suggests that Agent Devine's request should be considered an illegal search of his private information under the Fourth Amendment. Citing the "fruit of the poisonous tree" doctrine, Petitioner claims that all evidence found as a result of this search, including everything discovered by police in Petitioner's hotel room, should have been suppressed.

Federal law authorizes the Secret Service to provide investigative assistance to state and local law enforcement. 18 U.S.C. § 3056(f). Agent Devine invoked 18 U.S.C. § 2703 in requesting Petitioner's financial information from American Express. Problematically, § 2703 does not authorize a request for financial records. In fact, the Patriot Act specifically excludes financial information: "'Electronic communication' . . . does not include electronic funds transfer information stored by a financial institution." 18 U.S.C. § 2510(12)(D).

Also, "no Government authority may have access to or obtain copies of, or the information contained in the financial records of any customer from a financial institution without authorization from the account holder or a warrant, summons, or subpoena." 12 U.S.C. § 3402. The Government is allowed, however, to obtain financial records if it determines that a delay would create imminent danger of physical injury to any person. Id. § 3414(b)(1)(A).

Agent Devine testified that his investigation was regarding the possible abduction of a minor. (App'x Ex. 8 at 711.) Under the circumstances, he reasonably believed that

any delay in receiving Petitioner's transactional information could create a danger of physical injury to the victim. Agent Devine's request to American Express did not violate federal law, and the trial court's decision to allow evidence resulting from the information received from American Express was neither contrary to nor an unreasonable application of federal law.

    4.    **Exigent circumstances**

Petitioner argues that the suppression of only a portion of the evidence seized after the warrantless entry into his hotel room was based on an unreasonable conclusion of exigent circumstances. The trial court made a specific finding that exigent circumstances existed, and this conclusion was summarily affirmed by the appellate court. Stone, therefore, bars consideration of this issue.

However, even if it were not barred, Petitioner has not established that the trial court's decision was unreasonable. Exigent circumstances include the need to pursue a fleeing suspect, protect individuals who are threatened with imminent harm, or prevent the imminent destruction of evidence. Carpenter v. United States, 138 S. Ct. 2206, 2223 (2018). Here, a number of factors pointed to exigent circumstances: police were searching for a missing, possibly abducted minor, and it would have been reasonable to believe she was under threat of imminent harm. The trial court's determination of this issue was reasonable.

    5.    **Ineffective Assistance of Counsel**

To establish ineffective assistance of counsel, Petitioner must demonstrate that his counsel's performance was objectively unreasonable by professional standards and that

9

the poor performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 688 (1984). To show prejudice, Petitioner "must establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Woodford v. Visciotti, 537 U.S. 19, 22 (2002) (emphasis and quotations omitted). Moreover, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. "Ineffective assistance of counsel can be grounds for challenging a conviction if counsel's performance was so egregious that it rendered the trial fundamentally unfair." Damron v. Florida, No. 8:07cv2287, 2009 WL 1514269, at *2 (M.D. Fla. May 29, 2009)

Because of the limits of a federal court's review under 28 U.S.C. § 2254, Petitioner can succeed on his ineffective-assistance-of-counsel claims only if he can show that the trial court's determination of the facts surrounding his claim was unreasonable. Thus, he must establish both that his counsel was prejudicially ineffective and that it was unreasonable for the court reviewing his claim to conclude otherwise. A court may grant habeas relief only when an error "so infused the trial with unfairness as to deny due process of law." Taylor v. Sec'y, Fla. Dep't of Corr., 760 F.3d 1284, 1295 (11th Cir. 2014) (quoting Lisbena v. State of California, 314 U.S. 219, 228 (1941)).

### a. Motion to disqualify the trial judge

Petitioner claims his trial counsel was ineffective for failing to file a motion to disqualify the trial court judge, arguing that the jury might have been instilled with reasonable doubt after hearing such a motion.

A claim for ineffective assistance of counsel generally may not rely on a challenge to an attorney's decisions that "might be considered sound trial strategy." Strickland, 466 U.S. at 689. Due to the extreme and possibly inappropriate nature of filing a motion to disqualify the trial court judge, declining to file such a motion might reasonably be considered a sound trial strategy. Petitioner fails to establish his trial counsel was prejudicially ineffective on this ground.

### b. Suppression of videotapes

Videotapes of sexual activity between Petitioner and the victim were seized from Petitioner's hotel room during his arrest and later shown at trial. After Petitioner's counsel moved to suppress the videotapes, the trial court held an evidentiary hearing and found that the videotapes were in plain view at the time of Petitioner's arrest, and were thereby admissible as evidence. (App'x Supp. 3 Vol. II at 69, 73.) Petitioner claims that he received ineffective assistance of counsel because his lawyer failed to present an argument for suppression based on the unknown nature of what the tapes depicted.

Petitioner argues that because it was impossible for police to know the contents of a videotape without playing the recording, the incriminating character of the tapes was not "immediately apparent" under Horton v. California (not only must the item be in plain view; its incriminating character must also be "immediately apparent.") 496 U.S. 128, 136 (1990).

However, considering the email sent by Petitioner which referenced previous sexual activity, the statements of the victim to police that sexual activity had taken place and had been filmed, the presence of a camcorder in the room, and the pieces of

11

videotape in the toilet, the incriminating character of the videotapes was immediately apparent.

Petitioner has failed to demonstrate the trial court's determination of the situation was unreasonable or that his trial counsel was prejudicially ineffective.

### c. Failure to investigate Agent Devine

Petitioner contends that had his trial counsel investigated or deposed Agent Devine, he would have been able to file a proper motion to suppress the evidence resulting from Agent Devine's request for information from American Express. As noted above, the exchange of information between Agent Devine and American Express did not violate federal law. Consequently, Petitioner has not shown prejudice, and his claim on this basis fails.

### d. Suppression of evidence seized in violation of the Florida Constitution

Petitioner argues that all evidence resulting from Agent Devine's interaction with American Express should have been suppressed as a violation of Article I, Section 23 of the Florida Constitution, and his trial counsel's failure to move for suppression constituted ineffective assistance. Petitioner admits that this claim is procedurally defaulted. (Pet'r's Supp. Mem. (Docket No. 2) at 20.) A federal court may still address the merits of a procedurally defaulted claim if the petitioner can show cause for the default and actual prejudice resulting from the alleged constitutional violation. Ward v. Hall, 592 F.3d 1144, 1157 (11th Cir. 2010).

Without considering whether Petitioner's lack of counsel qualifies as cause for his default, Petitioner has not demonstrated actual prejudice and thus he has not overcome the procedural bar.

"The right of privacy, assured to Florida's citizens, demands that individuals be free from uninvited observation of or interference in those aspects of their lives which fall within the ambit of this zone of privacy unless the intrusion is warranted by the necessity of a compelling state interest." Shaktman v. State, 553 So. 2d 148, 150 (Fla. 1989). For the state to intrude on fundamental privacy interests, the state must demonstrate both that the intrusion is justified by a compelling state interest and that the state has used the least intrusive means in accomplishing its goal. Id. at 151–52. A legitimate, ongoing criminal investigation satisfies the compelling-state-interest test when it demonstrates a clear connection between the illegal activity and the person whose privacy would be invaded. Id.

Agent Devine established a reasonable connection between Petitioner and the suspected abduction of the victim. An emergency search of credit-card-transaction information in accordance with federal law could reasonably be considered the least intrusive means of obtaining the information. There was no invasion of privacy and this claim fails.

    e.    **Conceding guilt**

Petitioner claims that his trial counsel was ineffective for conceding Petitioner's guilt to counts 4, 5, and 6 without Petitioner's consent. Petitioner acknowledges that there was prima facie evidence of his guilt presented at trial. (Pet'r's Supp. Mem. at 20.)

Considering the irrefutable video evidence presented at trial, conceding guilt was a reasonable strategic decision made in an attempt to maintain credibility with the jury. Petitioner fails to demonstrate that counsel's performance was objectively unreasonable or prejudicial.

### f. Video evidence

Petitioner argues that some of the sexual activity on the video shown to the jury took place out of the trial court's jurisdiction. He further argues that this evidence was improper and his trial counsel was ineffective for failing to move to suppress it or object to it being shown. The record shows that trial counsel moved to suppress any reference to sexual activities that took place outside of Collier County, and after extended discussion the court determined that the full tape could be shown. Petitioner has also failed to establish a reasonable probability that, if the tape had been edited to remove some but not all sexual activity, the jury would have reached a different decision. Petitioner has not demonstrated that counsel's performance was objectively unreasonable or prejudicial.

### g. Motion to dismiss

Petitioner contends that trial counsel was ineffective for failing to object to the strict-liability standard of Florida's statutory rape laws. He argues that because the state does not have the burden of proving mens rea as an element of the charged offense, the laws are facially unconstitutional violations of the Due Process Clause. Petitioner also argues that the lack of availability of a mistake-of-fact defense (not having knowledge of victim's minor age) under Florida law is a violation of the Due Process Clause.

Petitioner admits this claim is procedurally defaulted. (Pet'r's Supp. Mem. at 25.) Even if not defaulted, Petitioner does not present a clearly established federal law or Supreme Court decision to support either of his arguments. Further, the victim testified that she told Petitioner her age and that they discussed the illegality of their relationship; emails sent by Petitioner show his knowledge that the relationship was wrong; and the destruction of video evidence evinces a knowledge of guilt. Thus, even if Petitioner had been allowed to argue as an affirmative defense that he had a reasonable and good faith belief that victim was 18 years of age, it would not be an unreasonable determination of the facts for the jury to reach the same guilty verdict.

Petitioner failed to demonstrate that a motion to dismiss on these grounds could have affected his case in any way. This claim fails.

### h. Cumulative errors

Petitioner claims that he was denied effective assistance of counsel by the cumulative effect of multiple errors by both the trial court and defense counsel. Petitioner concedes that this claim is procedurally defaulted, (Pet'r's Supp. Mem. at 30) and as demonstrated above, none of Petitioner's individual claims of error or prejudice have any merit. Therefore, this claim fails.

### B. Evidentiary Hearing

AEDPA provides that a habeas petitioner is entitled to a hearing only if he can show that his claim "relies on—(i) a new rule of constitutional law . . . or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence" and that "the facts underlying the claim would be sufficient to establish by

clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the [petitioner] guilty . . . ." 28 U.S.C. § 2254(e)(2).

Petitioner has failed to proffer any evidence of a new rule of law or factual predicate that could not have been discovered earlier. An evidentiary hearing is not warranted.

C.     **Certificate of Appealability**

Petitioner is required to secure a Certificate of Appealability before appealing the dismissal of his habeas corpus action. Id. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). This Court cannot grant a Certificate of Appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason . . . could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Petitioner has not demonstrated that his claims deserve such encouragement. The Court will therefore not grant a Certificate of Appealability on any of Petitioner's claims.

**CONCLUSION**

Petitioner has failed to show that he is entitled to federal habeas relief. Accordingly, **IT IS HEREBY ORDERED that**:

1. The Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**; and

2. A Certificate of Appealability will **NOT** issue.

**The Clerk shall enter judgment accordingly, terminate all remaining deadlines as moot, and close the file.**

Dated: July 22, 2019

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge